UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No.
04-M00005-LPC


UNITED STATES OF AMERICA


v.


LOREN E. HARTY


MEMORANDUM AND ORDER ON GOVERNMENT'S
<u>MOTION FOR DETENTION</u>

March 26, 2004

COHEN, M.

The above-named defendant was arrested on the basis of a complaint charging

him with being a felon in possession of a firearm.  On the occasion of his first

appearance, the government moved for pretrial detention on the grounds of danger to

the community and risk of flight.  After appointment of counsel, the detention hearing

was held on Tuesday, March 26, 2004.

I. A. Under the provisions of 18 U.S.C. 3142(c), "[t]he judicial officer may not

impose a financial condition that results in the pretrial detention of the person."  Thus, a

defendant must be released under the provisions of 18 U.S.C. 3142(b) or (c), or

detained pending trial under the provisions of 18 U.S.C. 3142(e). See 18 U.S.C.

3142(a).

Under ß3142(e), a defendant may be ordered detained pending trial if the

judicial officer finds by <u>clear and convincing</u> evidence, after a detention hearing under

the provisions of ß3142(f), "...that no condition or combination of conditions (set forth

under ß3142(b) or (c)) will reasonably assure the safety of any other person or the

community....", or if the judicial officer finds by a preponderance of the evidence, after a

detention hearing under the provisions of ß3142(f), "...that no condition or combination

of conditions (set forth under ß3142(b) or (c)) will reasonably assure the appearance of

the person as required ...".[1]

    B.  The government is entitled to move for detention on grounds of danger to the

community in a case that--

    (1) involves a crime of violence within the meaning of ß3156(a)(4);

    (2) involves an offense punishable by death or life imprisonment;

    (3) involves an offense proscribed by the Controlled Substances Act or the

Controlled Substances Import and Export Act for which the punishment authorized is

imprisonment for ten years[2] or more; or

    (4) involves any felony alleged to have been committed after the defendant has

been convicted of two or more crimes of violence, or of a crime, the punishment for

which is death or life imprisonment, or a ten year [or more] offense under the Controlled

Substances Act or the Controlled Substances Import and Export Act.

---

[1]    The distinction between the former and latter are made clear by the very language of Section 3142(f). In the last paragraph of that section, Congress has stated there must be clear and convincing evidence to authorize pretrial detention when the question is whether any condition or combination of conditions "will reasonably assure the safety of any other person and the community...". (Last emphasis added). By not requiring that same standard vis a vis an assessment of risk of flight, it is clear that a lesser standard--i.e., preponderance of the evidence-- applies. And that is precisely the holding in this and other Circuits. See e.g., United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir.), cert. dismissed, 107 S.Ct. 562 (1986); United States v. Chimurenga, 760 F.2d 400, 405 (2d Cir. 1985); United States v. Himler, 797 F.2d 156, 161 (3d Cir. 1986).

[2]    The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense--not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines. See United States v. Moss, __ F.2d __, No. 89-1859, Sl.Op. 8-12 (1st Cir. October 5, 1989).

Additionally, the government or the court <u>sua</u> <u>sponte</u> may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses. See 18 U.S.C. 3142(f).

C.  In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning--

   (a) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

   (b) the weight of the evidence against the accused;

   (c) the history and characteristics of the person, including--

   (i) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (ii) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

   (d) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release....

D.  Additionally, in making the determination, the judicial officer must consider two <u>rebuttable</u> presumptions, to wit:

<u>First</u>, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the <u>safety</u> of any other person or the community if the judicial officer finds (1) that the defendant has been convicted of a Federal crime of violence within the meaning of ß3156(a)(4) [or a state crime of violence within the

meaning of ß3156(a)(4) if the offense would have been a <u>federal</u> offense if a

circumstance giving rise to federal jurisdiction had existed], a federal offense for which

the maximum sentence is life imprisonment or death, a federal offense for which a

maximum term of imprisonment of ten years or more is prescribed in the Controlled

Substances Act--e.g., possession of cocaine, heroin, more than 1000 pounds of

marihuana, with intent to distribute--, or the Controlled Substances Import and Export

Act, <u>or</u> any felony after the person has been convicted of two or more prior offenses as

described immediately above, or two or more state or local offenses that would have

been offenses described immediately above if circumstances giving rise to federal

jurisdiction had existed; (2) that prior offense was committed while the person was on

release pending trial; and (3) not more than five years has elapsed since the date of

conviction for that prior offense, or his or her release for that prior offense, whichever is

later.[3]

     <u>Second</u>, a rebuttable presumption arises that no condition or combination of

conditions will reasonably assure the appearance of the person as required and the

safety of the community if the judicial officer finds that there is probable cause to

believe that the person has committed an offense for which a maximum term of

imprisonment of ten years or more is prescribed by the Controlled Substances Act or

the Controlled Substances Import and Export Act <u>or</u> an offense under the provisions of

18 U.S.C. 924(c)--i.e., use of or carrying a firearm during the commission of a federal

offense which is a felony.

     Insofar as the latter "presumption" is applicable in assessing "risk of flight", the

---

[3]   It appears that this statutory presumption is applicable in this case. *See* note 15, *infra*.

burden remains with the government to establish "...that no condition or combination of conditions will reasonably assure the appearance of the person as required....". In striking the proper balance, this court must bear in mind Congress' findings that major drug offenders, as a class, pose a special danger of flight. The burden then rests on the defendant to come forward with "some evidence", United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991), indicating that these general findings are not applicable to him for whatever reason advanced. At this point, this court must weigh all relevant factors [set forth under ß3142(g)], and then determine whether any condition or combination of conditions will reasonably assure the appearance of the [defendant] as required....".  The decision is an individualized one based on all relevant factors. See United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).[4]

Additionally, with respect to those presumptions which are triggered by a finding of probable cause that the accused committed the offense with which he is charged, the return of an indictment "fair upon its face" conclusively establishes the existence of probable cause, and triggers the applicability of the particular presumption.  United

---

[4]    The presumption is always entitled to evidentiary weight, the amount of which, if at all, depends on the nature of the production by the defendant and the other factors set forth under Section 3142(d).  On later occasion, the United States Court of Appeals has observed, inter alia:

> Section 3142(e), however, only imposes a burden of production on a defendant.  The burden of persuasion remains with the government.  Nevertheless, even after a defendant has introduced some evidence to rebut the flight presumption, the presumption does not disappear, but retains evidentiary weight--the amount depending on how closely defendant's case resembles the congressional paradigm, Jessup, 757 F.2d at 387--to be considered along with other factors.

United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)(per curiam); see also, United States v. Perez-Franco, 839 F.2d 867, 869-70 (1st Cir. 1988).  Even when a defendant produces "some evidence" in rebuttal, however--

> the presumption does not disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight. (Emphasis added).

United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991)(Emphasis added). See also, United States v. Rodriquez, 950 F.2d 85, 88 (2d Cir. 1991).

States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Vargas, 804 F.2d

157, 161 (1st Cir. 1986); United States v. Dominiguez, 783 F.2d 702 (7th Cir. 1986);

United States v. Hurtado, 779 F.2d 1467, 1477-1479 (11th Cir. 1985); United States v.

Contreras, 776 F.2d 51, 52, 54-55 (2d Cir. 1985); United States v. Hazime, 762 F.2d

34, 37 (6th Cir. 1985).

Moreover, one may be considered a danger to the community even in the

absence of a finding by clear and convincing evidence that the accused will engage in

physical violence. To the contrary, as noted by the Committee on the Judiciary (Report

of the Committee on the Judiciary, United States Senate, on S. 215. 98th Congress,

Report No. 98-147 (May 25, 1983)--

> The concept of defendant dangerousness is described throughout this
> chapter by the term "safety of any other person or the community." The
> reference to safety of any other person is intended to cover the situation
> in which the safety of a particular identifiable individual, perhaps a victim
> or witness, is of concern, while the language referring to the safety of the
> community refers to the danger that the defendant might engage in
> criminal activity to the detriment of the community. The Committee intends
> that the concern about safety be given a broader construction than merely
> danger of harm involving physical violence....The Committee also
> emphasizes that the risk that a defendant will continue to engage in drug
> trafficking constitutes a danger to the "safety of any other person or the
> community." (Emphasis added; footnotes omitted).

See also, United States v. Hawkins, 617 F.2d 59 (5th Cir.), certiorari denied, 449 U.S.

962 (1980)(trafficking in controlled substances).[5]

Finally, the presumptions are applicable if the judicial officer finds probable

---

[5]    A defendant may be ordered detained as a danger to the safety of another or to the community,
however, only if the judicial officer determines that a detention hearing is appropriate under the provisions of 18
U.S.C. 3142(f)(1)(A) through 3142(f)(1)(D).  That is to say, even if a detention hearing is appropriate under Sections
3142(f)(2)(A) through 3142(f)(2)(B) [for risk of flight or danger of obstruction of justice or intimidation of witnesses],
danger to the community is not a basis upon which a defendant may be ordered detained prior to trial, unless the
government has moved under Section 3142(f)(1), and the judicial officer has determined that a hearing is
appropriate under that latter section.  See United States v. Ploof, 851 F.2d 7 (1st Cir. 1988).

cause to believe that the accused has committed one of the predicate offenses referred to above, even if the charge before the court does not involve that particular offense. See United States v. Bess, 678 F.Supp. 929, 934 (D.D.C. 1988); but see, United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985).[6]

II.  The defendant is 28 years old, having been born in 1975.  The defendant's mother, with whom he has had no contact for the past four or five years, resides in Dover, New Hampshire.  His father, whose address he could not remember, resides in Boston.  Prior to his latest arrest,[7] he resided ìon and offî with his girlfriend in Dorchester.[8]  He has been unemployed since the summer of 2003.  He has no significant assets or liabilities.  He admits to alcohol abuse, and stated that he has smoked marihuana daily for the past fourteen years.

The defendant has an extensive criminal record, both juvenile and adult, the details of which are set forth in the Pretrial Services report.  Among other things, he was adjudicated delinquent and committed in 1992 on a charge of assault to kill and possession of a firearm without a permit.  In 1994, 1996, charges of possession of a Class D substance were continued without a finding.  In 1999, he was convicted on a

---

[6]    In this court's view, Judge Robinson's decision in Bess, supra, is the more persuasive one, the holding in Chimurenga, supra, notwithstanding.  The Bail Reform Act of 1984 was modeled, in large part, on the preventative detention statutes in effect for a number of years in the District of Columbia.  This court does not view the requirement that the offense giving rise to the statutory presumption be contained within the formal charge as consistent with the procedural framework imposed by the statute.  The Chimurenga court seems to suggest that the requirement is necessary to provide fair notice to the defendant that the statutory presumption will come into play.  But a formal charge, as such, is only one method by which to give that fair notice.  For example, in a complaint charging armed bank robbery in violation of the provisions of 18 U.S.C. 2113(d), the operative facts set forth in the affidavit in support of the charging complaint may well state that the defendant was using a firearm during the commission of the robbery.  That is clearly fair notice.

[7]    Based on the facts set forth in the criminal complaint before this court, he was originally arrested by state authorities on or about January 24, 2004, and was held in lieu of bail until released to a detainer issued by this court on or about March 19, 2004.  The state charges were then dismissed in favor of a federal prosecution.

[8]    With his girlfriend, he has fathered three children.

charge of possession of a Class D substance.  In 1999, he was also convicted on a charge of assault and battery with a dangerous weapon.  He initially received a suspended sentence and probation, but he violated the terms of his probation, and he was sentenced to imprisonment for nine months.  In November of 2000, he was convicted on a charge of assault and battery with a dangerous weapon.  He received a split sentence followed by probation. He violated the terms of that probation as well.  In January of 2002, he was again convicted on a charge of assault and battery.  In January of 2003, he was, once again, convicted on a charge of assault and battery.  In March of 2003, charges of armed assault, assault and battery with a dangerous weapon, and armed robbery, were continued without a finding, then pending in the Suffolk Superior Court, and, at the same time, he was convicted on a charge of assault and battery.  In August of 2003, he as charged with assault and battery on a police officer and possession of a Class D substance.  He was on bail in connection with those offenses when, as the record evidence shows, he committed the offense charged in the complaint before this court.  His prior criminal record reflects some eight defaults, and some six violations of probation.[9]  He has also had three civil restraining orders taken out against him over the past six years.

III.   In terms of the offense charged, the record evidence, the full details of which are set forth in the Affidavit of Special Agent Lisa Rudnicki,[10] shows that on January 20, 2004, the defendant approached three men in Roxbury on the street.  He attempted to start a fight, but the three repaired to an apartment on Julian Street.

---

[9]     One violation notice is currently pending before the Roxbury District Court.

[10]     Admitted into evidence at the detention hearing.

Approximately ten minutes later, the defendant began yelling outside the apartment: ìCome on out, I am going to pop you.î One of the men exited the apartment and told the defendant to leave the area. Defendant responded: ìTell them niggers to come out here, I am going to pop them.î At this point, the defendant pulled out a silver revolver and cocked the hammer. As another resident ran up the stairs to seek refuge, the defendant fired a shot.[11] Responding police officers located the defendant near the scene of the shooting. When pat frisked, he said: ìI donít have nothing. I donít have no gun.î Other police officers than searched the path taken by the defendant. The firearm referred to in the complaint a silver revolver with four live rounds and one spent cartridge, was found concealed under a brick. When surrendered to federal agents on the detainer, and after having been advised of his *Miranda* rights,[12] the defendant volunteered a statement to the effect that the firearm which he had on the day in question belonged to another person.[13]

IV. In he circumstances, this court finds and concludes that the government has established by a preponderance of the evidence that no condition or combination of conditions, short of pretrial detention, would reasonably assure the defendantís presence at trial, and that the government has established by clear and convincing evidence that no condition or combination of conditions, short of pretrial detention, would reasonably assure the safety of the community.

---

[11] No one was injured by the fired round.

[12] And being further advised that the agents did not intend to ask him any questions about the charges.

[13] The detention hearing was bundled with a preliminary examination under Rule 5(a), F.R. Crim. P. Defendant waived any argument on the question of probable cause. Given the record evidence, there is clearly probably cause to believe that the defendant committed the offense charged. Indeed, on that, the evidence is overwhelming.

On the matter of risk of flight, the defendant qualifies as an armed career criminal.  Because of that, he faces, on conviction (and the evidence supporting a conviction is overwhelming), a <u>mandatory</u> <u>minimum</u> sentence of imprisonment for <u>15</u> years.  Given these consequences, and given his eight prior defaults and his sketchy, at best, roots in the community,[14] the government has established by a preponderance of the evidence that no condition or combination of conditions, short of pretrial detention, would reasonably assure the presence of the defendant at trial.

So, too, on the matter of danger to the community.  One only need look to the defendant's past to predict his future with certainty.  His past reflects a history and pattern of violence to others (including police officers), and includes convictions for assault to kill, armed assault, armed robbery, assault and battery with a dangerous weapon on at least two occasions, and numerous convictions for assault and battery.  But not only that.  The defendant was convicted on some eleven different charges which he had committed while on bail,[15] and at least one while he was on probation.  And, to perpetuate his streak of violence, this court finds that the defendant, again while on bail, committed the offense charged before this court, not to mention the discharging of a firearm on a public way, the end result of which could have been the serious injury to, or indeed, death of, innocent by standards.  The government has clearly shown by clear and convincing evidence that the defendant, if released on any

---

[14]     The defendant is unemployed and has no significant assets.  He is a daily abuser of alcohol and marihuana.  His mother lives in New Hampshire, and he did not even know the address of his father.  And, for the past two or three years, all that he could say in terms of an abode is that he resided ìon and offî with his girlfriend in Dorchester.

[15]     Indeed, it appears that the statutory presumption of danger fo the community applies under 18 U.S.C. ßß 3142(e)(1)-(3) applies to this case, given the convictions on the Suffolk County Superior Court charges of armed assault, assault and battery with a dangerous weapon, armed robbery, and assault and battery in March of 2003. *See* note 3, *supra*.

conditions, would continue to pose a danger to the community.

V.   IT IS ACCORDINGLY ORDERED that the defendant be DETAINED pending trial, and it is further Ordered--

(1) That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3) On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States.

_____
UNITED STATES MAGISTRATE JUDGE