UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  )
                          )
        v.                )        CRIMINAL NO. 04-10120-RGS
                          )
LOREN HARTY               )

MOTION TO SUPPRESS PHYSICAL EVIDENCE

Defendant, Loren Harty, moves to suppress the boots that he was wearing at the time of his arrest.

In support of this motion, defendant states that this was a warrantless stop and seizure and that his initial detention violated the Fourth and Fourteenth Amendments to the United States Constitution and all evidence flowing from the illegal stop and detention, including the subsequent seizure of his boots, must be suppressed. Wong Sun v. United States, 371 U.S. 471 (1963).

Statement of Relevant Facts[1]

In the late afternoon hours of January 20, 2004, Boston police received a report of a man with a gun at 42 Julian Street in Roxbury. The 911 call, to which police were responding, described the alleged perpetrator as follows: a) Hispanic male; b) black jacket; c) black pants; d) black hat; e) 5' 3" tall; f)

---

[1]The relevant facts are more fully laid out in defendant's motion to suppress identification that has been filed along with the instant motion and are based on the attachments appended to that motion.

32-33 years old; and g) gun in waistband.  The 911 call provided no further description.

Boston police officers Jon-Michael S. Harber and Edward L. Gately, III responded to the 911 call.  Officers Harber and Gately observed Mr. Harty standing on the corner of Blue Hill Avenue and Clifford Street.  This location appears to be a few blocks from 42 Julian Street.  When stopped, Mr. Harty met only a single characteristic of the description provided in the 911 call; to wit he was wearing a black coat.  In contrast, his appearance differed from that of the 911 call as follows: 1) he wore blue not black pants; 2) he had a full mustache and beard; no mention of facial hair on 911 call; 3) he is African-American not Hispanic; 4) He is 5' 8" not 5' 3"; and 5) he was not wearing a hat.  Notwithstanding these discrepancies, Officers Harber and Gately stopped Mr. Harty and searched him.  The search did not reveal a gun.  Undeterred by the fact that Mr. Harty neither matched the description contained on the 911 tape nor possessed a gun, the Officers placed him in the back of a police car and transported him to 42 Julian Street.

Upon arriving at 42 Julian Street, Mr. Harty was removed from the police car and made to stand in the middle of the road while flanked on either side by uniformed police officers.  At that time he was identified by several witnesses as the alleged perpetrator and was subsequently transported to the police

station.  During booking at the police station, Officer Gately

seized Mr. Harty's boots believing the tread of the boots matched

foot prints observed in the snow at the crime scene.

ARGUMENT

I.    THE SEIZURE OF THE BOOTS MUST BE SUPPRESSED AS THE FRUIT OF
      MR. HARTY'S ILLEGAL DETENTION AND IDENTIFICATION.

Evidence obtained as the result of a constitutional

violation is inadmissible unless the government can show that

"the connection between the lawless conduct of the police and the

discovery of the challenged evidence 'has become so attenuated as

to dissipate the taint.'" Wong Sun v. United States, 371 U.S.

471, 487 (1963).  The government bears the burden of proving

attenuation of the taint.  Brown v. IL, 422 U.S. 590, 604 (1975).

The district court should grant the motion to suppress the

physical evidence seized from Mr. Harty in that it is the direct

product of police misconduct in stopping, detaining, and

effectuating a de facto arrest of Mr. Harty.  Wong Sun, 371 U.S.

at 487-88; United States v. Acosta-Colon, 157 F.3d 9 (1st Cir.

1998).

The facts here are clear.  Officers Gately and Harber had no

basis upon which to stop and detain Mr. Harty.  He neither

matched the description provided in the 911 call nor exhibited

suspicious or illegal behavior.  Mr. Harty was simply standing at

a bus stop at the time the police approached him. See Affidavit

of Mr. Harty (Exhibit A).  The police ordered Mr. Harty to put

his hands in the air and then proceeded to frisk him.  (See

Affidavit of Mr. Harty attached hereto as Exhibit A.  The search

of Mr. Harty revealed no gun. Undeterred by these facts, the

police placed Mr. Harty into a patrol car and transported him to

42 Julian Street.  By ordering Mr. Hardy into the police car and

physically transporting him to another location, the police

effectuated what amounted to a de facto arrest of Mr. Harty.

Acosta-Colon, 157 F.3d 9 (1st Cir. 1998).

In determining whether a seizure is "unreasonable," courts

look to the two-prong test announced in Terry v. Ohio, 392 U.S. 1

(1968).  The dual inquiry is, "whether the officers' actions were

justified at their inception," and "whether their actions were

reasonably related in scope to the circumstances which justified

the officers' initial interference."  United States v. Nee, 261

F. 3d 79, 83 (1st Cir. 2001).  Assuming, without conceding, that

the police were justified in their initial stop of Mr. Harty, the

fact that a frisk of Mr. Harty failed to reveal a gun (the

alleged crime being investigated) should have served to dispel

any believe of involvement on his part.  Rather than allow Mr.

Harty to proceed on his way, the police ordered Mr. Harty into

the police car.  This action transformed the initial detention of

Mr. Harty into a de facto arrest.  United States v. Sowers, 136

F. 3d 24, (1st Cir. 1998); United States v. Acosta-Colon, 157

F.3d 9 (1st Cir. 1998).  The treatment of Mr. Harty bears the

-4-

hallmarks associated with an arrest:  Mr. Harty was prevented from leaving, he was physically placed in the police car, and he was involuntarily transported from the scene of his detention. Acosta-Colon, 157 F.3d at 15 (discussing the criteria to be used in distinguishing between investigatory stops and more coercive detentions).

The seizure of Mr. Harty's boots was a direct by-product of the unlawful police conduct.  Evidence obtained as a result of a constitutional violation is inadmissible unless the government can show that the evidence has been "sufficiently purged of the primary taint."  Acosta-Colon, 157 F.3d at 21. Given that the unlawful detention of Mr. Harty was followed by an equally unlawful show-up identification procedure, rather than being purged, the taint was compounded.  Accordingly, the boots seized from Mr. Harty should be suppressed.

Defendant requests an evidentiary hearing on this motion and reserves his right to assert additional grounds for suppression based upon evidence at the hearing.

LOREN HARTY
By his attorney,


/s/ Stylianus Sinnis
Stylianus Sinnis
B.B.O. #560148
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

-5-