UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10120-RGS |
| | ) | |
| LOREN HARTY | ) | |

DEFENDANT'S MOTION TO KEEP THE DEFENDANT
OUT OF SIGHT OF ANY POTENTIAL IDENTIFYING WITNESS
DURING THE MOTION TO SUPPRESS IDENTIFICATION HEARING

The defendant moves that the Court order that the defendant be kept out of sight of the alleged victims/witnesses during the motion to suppress identification hearing.  Specifically, the defendant requests that this Court permit the defendant to remain behind a screen or a blackboard, out of sight of the witnesses during their testimony on direct and cross-examination, and that the defendant not be presented to the witnesses during the motion to suppress hearing.  If any identification is to be made the defendant requests that it be conducted in a non-suggestive manner.

In support of this motion the defendant states that the witnesses' present ability to identify the alleged perpetrator is not the issue at the motion to suppress.  However, the identification of the alleged perpetrator will be an important issue at trial.  The witnesses had only a brief opportunity to view the stranger who possessed a gun on the date in question.

Therefore, any suggestive pretrial confrontation will compromise the defendant's right to a fair trial. The Supreme Court has frequently addressed the issue of suggestive identification procedures and has repeatedly noted that a one-to-one confrontation, whether in person or by photograph, is disfavored. <u>Simmons v. United States</u>, 390 U.S. 377, 383-84 (1968); <u>Neil v. Biggers</u>, 409 U.S. 183 91972). By his request, the defendant in the case at bar is attempting to avoid a suggestive influence on the witnesses and a situation where:

> "The trial which might determine the accused's fate may well not be that in the courtroom but that at the pretrial confrontation, with the State aligned against the accused, the witness the sole jury, and the accused unprotected against overreaching, intentional or unintentional, and with little or no appeal from the judgment there rendered by the witness -- 'that's the man." <u>Moore v. Illinois</u>, 434 U.S. 220, 225 (1977); <u>United States v. Wade</u>, 388 U.S. 218, 236, 238 (1967).

Where as here, an accused's counsel is present at the pretrial identification, he can serve both his client's and the prosecution's interests by objecting to the suggestive features before they influence a witnesses' identification. <u>Moore v. Illinois</u>, 434 U.S. 220, 225 (1977); <u>United States v. Wade</u>, 388 U.S. 218, 236, 238 (1967).

In conjunction with this request, the defendant further moves that the Court order the following:

1. That the government keep the witnesses away from the courtroom on the day of the hearing until arrangements for the requested procedure have been completed.

2. a. have each witness sequestered while the other witnesses are testifying;

   b. have the defendant seated out of sight and the physical evidence kept out of sight during examination and cross examination of any witnesses attempting to identify the defendant; and

   c. have the witnesses testify with respect to the alleged incident and any out of court identifications, and allow cross-examination by defense counsel before any in-court identification is attempted.

3. Order the government and its agents and witnesses; (1) not to show the witnesses prior to any hearing, any photographs of the defendant and, (2) not to give any witnesses any descriptive information regarding the defendant's appearance and/or apparel.

   The requested safeguards are necessary to protect the defendant's rights to effective representation and a fair trial under the United States Constitution. See <u>Moore v. Illinois</u>, 434

U.S. 220, 230, n. 5 (1977); Commonwealth v. Napolitano, 378 Mass. 599, 604, n.8 (1979).

                                           LOREN HARTY
                                           By his attorney,

                                           /s/ Stylianus Sinnis
                                           Stylianus Sinnis
                                              B.B.O. #560148
                                           Federal Defender Office
                                           408 Atlantic Avenue, 3rd Floor
                                           Boston, MA  02110
                                           Tel: 617-223-8061

                              CERTIFICATE OF SERVICE

    I, Stylianus Sinnis, do hereby certify that this document has been filed electronically and that it will be served electronically to registered ECF participants as identified on the Notice of Electronic Filing (NEF) and by sending paper copies to non-registered participants all on February 21, 2006.

                                           /s/ Stylianus Sinnis
                                           Stylianus Sinnis