UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2008 MAR 20  A 8: 33
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL NO.: 04-10120-RGS |
| v. | ) |
| | ) VIOLATIONS: |
| | ) |
| LOREN HARTY | ) 18 U.S.C. §922(j) - |
| | ) Possession Of A Stolen |
| | ) Firearm |

SUPERSEDING INFORMATION

COUNT ONE:   (Title 18, United States Code § 922(j) -
              Possession Of A Stolen Firearm)

The United States Attorney charges that:

   1.   On or about January 20, 2004, at Boston, in the District of Massachusetts,

**LOREN HARTY,**

defendant herein, did possess a stolen firearm, to wit: a Ruger, Model GP 100, .357 caliber revolver, bearing serial number 17063692, which firearm had been shipped and transported in interstate and foreign commerce before it was stolen, knowing and having reasonable cause to believe that said firearm was stolen.

   All in violation of Title 18, United States Code, Section 922(j).

**Firearms and Ammunition Forfeiture Allegation**
**(18 U.S.C. § 924(d) & 28 U.S.C. § 2461(c))**

2.   The allegations contained in Count One, paragraph 1 of this Superseding Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

3.   Upon conviction of the offense in violation of Title 18, United States Code, Section 922(j) set forth in Count One of this Superseding Information, the defendant,

**LOREN HARTY,**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to: a Ruger, Model GP 100, .357 caliber revolver, bearing serial number 17063692, and four rounds of ammunition.

4.   If any of the property described above, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;
    b.   has been transferred or sold to, or deposited with, a third party;
    c.   has been placed beyond the jurisdiction of the court;
    d.   has been substantially diminished in value; or
    e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

By: /s/ Robert E. Richardson
                                        ROBERT E. RICHARDSON
                                        Assistant U.S. Attorney